```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Sidney T. Lewis, et al.,           :

      Plaintiffs                 :

   v.                              :       Case No. 2:07-cv-05

United States of America,          :       JUDGE WATSON
et al.,
                                 :

      Defendants.

<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court for an initial screening pursuant to 28 U.S.C. § 1915. For the following reasons, the Court recommends that the case be dismissed for failing to state a claim upon which relief can be granted.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted ...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. <u>See, Neitzke v. Williams</u>, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. <u>See</u> <u>id</u>. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, <u>see</u> <u>id</u>. at 327-28, and "claims describing fantastic or delusional scenarios,

claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 4l, 45-46 (l957). Pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972).

II.

Sidney Lewis and his wife, Yvonne Lewis, are plaintiffs proceeding pro se. They brought suit against the United States, the Department of Housing and Urban Development ("HUD"), and the Secretary of HUD, Alphonso Jackson (collectively known as "defendants") alleging that the defendants "fraudulently misappropriated" an interest the plaintiffs possessed in a property identified as 1910 Argyle Drive in Columbus, Ohio. Although the complaint is difficult to decipher, it appears to allege that the defendants, "fraudulently commenced to acquire all of the plaintiff[s'] legal interest" in 1910 Argyle Drive and subsequently sold those interests to two different individuals. The plaintiffs seek to recover under a myriad of statutes, including 28 U.S.C. § 2409(a), 42 U.S.C. §§ 4651, 4652(a)(1) and 4655(a)(1). Because the plaintiffs seek to recover under federal law, the Court has jurisdiction under 28 U.S.C. § 1331. The Complaint does not appear to allege whether Mr. Jackson acted in his official and/or individual capacity, so construing the complaint liberally, the Court will address claims asserted against Mr. Jackson as if alleged in both capacities.

As the Court of Appeals has repeatedly noted, § 1331 is the general federal-question jurisdiction statute. See, e.g., Toledo v. Jackson, 485 F.3d 836, 838 (6th Cir.2007). Thus, in order to recover against the United States, HUD or Mr. Jackson in his

2

official capacity, the plaintiffs must do more than invoke the general federal-question jurisdiction statute; they must also identify a waiver of sovereign immunity to proceed. See, e.g., id. (citing Reetz v. United States, 224 F.3d 794, 795 (6th Cir.2000); United States v. Sherwood, 312 U.S. 584 (1941)("The United States, as sovereign, is immune from suit save as it consents to be sued"); Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir.1993) (affirming dismissal of suit against federal agency because federal sovereign immunity "extends to agencies of the United States" and "[t]he federal question jurisdictional statute is not a general waiver of sovereign immunity")).

In the instant case, however, with the exception of one statute, the plaintiffs have failed to identify any waiver of sovereign immunity for the issues raised.  It appears that the sections of the Code cited in the complaint involve (1) situations where the United States is a plaintiff in a condemnation suit, 40 U.S.C. § 3114(a) and (b); (2) factors to be considered when a federal agency is acquiring property, 42 U.S.C. § 4651; (3) the inclusion of buildings when the government condemns land, 42 U.S.C. § 4652(a)(1); and (4) following the polices outlined in §§ 4651 and 4652, 42 U.S.C. § 4655(a)(1).  None of the sections stated in the complaint waive the government's immunity, nor do they appear to create a private right to sue.

The only statute listed in the complaint that waives immunity and allows a private party to sue the government is 28 U.S.C. § 2409a.  See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir.1991)(§ 2409a is a limited waiver of sovereign immunity).  That statute states, in relevant part:

> The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.

3

>     \*\*\*
>
>     The complaint shall set forth with particularity the nature of the right, title or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States.
>
>     \*\*\*
>
>     If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease ....

28 U.S.C. § 2409a(a), (d), and (e).

Here, while the complaint attempts to set forth with particularity the plaintiffs' right, title, or interest in 1910 Argyle Drive, it fails to state any particulars regarding the United States' right, title or interest in that property. 28 U.S.C. § 2409a(d). Nevertheless, assuming, *arguendo*, that it does satisfy the particularity requirements, the complaint explicitly states that the United States sold all its alleged interest in 1910 Argyle Drive to Floht'n Properties and/or Ralph K. Smith prior to this suit being filed. Thus, because the United States no longer appears to have an interest in the property, the Court lacks jurisdiction over this matter.

The only claim remaining, therefore, is a <u>Bivens</u> action against Mr. Jackson in his individual capacity. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 483-86 (1994)(cannot maintain <u>Bivens</u> action against government agency). <u>Bivens</u> actions are a judicially created causes of action for money damages against federal officials for violations of constitutional rights. <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 397 (1971). In this case, the plaintiffs

seek to sue Mr. Jackson for violating their Fifth and Fourteenth Amendment rights.  Under <u>Bivens</u>, the plaintiff must allege facts which show that the individual defendant acted "under color of federal authority" and was personally involved in the deprivation of the plaintiff's constitutional rights.  <u>See</u>, <u>e.g.</u>, <u>Mueller v. Gallina</u>, 137 Fed.Appx.847, 850 (6th Cir. June 24, 2005)(unpublished).  A review of the instant case reveals that the plaintiffs failed to allege that Mr. Jackson was personally involved with the alleged "taking" of 1910 Argyle Drive.  In fact, there is no allegation that Mr. Jackson knew or should have known about HUD's alleged sale of the property.  Thus, the complaint fails to state a claim upon which relief can be granted.

### III.

Accordingly, the Court RECOMMENDS that the complaint be DISMISSED for want of jurisdiction and for failing to state a claim upon which relief can be granted.

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operate as a waiver of the right to appeal the

decision of the District Court adopting the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 f.2d 947 (6th Cir.1981).

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge
